[Cite as *State v. Johnson*, 2019-Ohio-3813.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

State of Ohio                                     Court of Appeals No. L-18-1222

      Appellee                              Trial Court No. CR0201001329

v.

Henry O. Johnson, Jr.                             **DECISION AND JUDGMENT**

      Appellant                             Decided: September 20, 2019

* * * * *

Julia R. Bates, Lucas County Prosecuting Attorney, and
Alyssa Breyman, Assistant Prosecuting Attorney, for appellee.

Henry O. Johnson, Jr., pro se.

* * * * *

**PIETRYKOWSKI, J.**

{¶ 1} Appellant, Henry O. Johnson, Jr., appeals the judgment of the Lucas County Court of Common Pleas denying appellant's "Motion for Relief from Judgment under Civ.R. 60(B)(5) and Motion to Correct a Voidable Sentence and Merge Sentences." For the reasons that follow, we affirm.

## I.  Facts and Procedural Background

{¶ 2} On May 20, 2010, appellant entered no contest pleas to, and was found guilty of, one count of aggravated robbery, one count of felonious assault, and one count of attempted murder, each with attendant firearm specifications.  At the sentencing hearing on June 22, 2010, the trial court merged the count of felonious assault with the count of attempted murder, and sentenced appellant to a total prison term of 20 years.  Appellant did not directly appeal his conviction.

{¶ 3} The present matter was initiated on September 14, 2018, when appellant filed his "Motion for Relief from Judgment under Civ.R. 60(B)(5) and Motion to Correct a Voidable Sentence and Merge Sentences."  In his motion, appellant argued that the count of aggravated robbery also should have merged with the count of attempted murder.  The trial court denied appellant's motion on September 26, 2018, finding that it was an untimely postconviction petition, and further that appellant's arguments were barred by res judicata.

## II.  Assignments of Error

{¶ 4} Appellant has appealed the trial court's September 26, 2018 judgment, and now asserts two assignments of error for our review:

> 1.  Trial court erred in construing the motion submitted as anything other than what it was plainly designated.

> 2.  Trial court erred in failing to vacate defendant's sentence as being in violation of double jeopardy then merging the aggravated robbery into the already merged attempted murder and felonious assault.

2.

### III. Analysis

{¶ 5} In his first assignment of error, appellant argues that the trial court erred when it construed his motion as a postconviction petition. We disagree. "Where a criminal defendant, subsequent to his or her direct appeal, files a motion seeking vacation or correction of his or her sentence on the basis that his or her constitutional rights have been violated, such a motion is a petition for postconviction relief as defined in R.C. 2953.21." *State v. Reynolds*, 79 Ohio St.3d 158, 679 N.E.2d 1131 (1997), syllabus. Here, in his motion—which was filed long after the time for a direct appeal had run— appellant sought to vacate his sentence, arguing that his constitutional rights against double jeopardy would be violated if the count of aggravated robbery did not merge with the count of attempted murder. Therefore, pursuant to *Reynolds*, we hold that the trial court properly recognized appellant's motion as a petition for postconviction relief.

{¶ 6} Accordingly, appellant's first assignment of error is not well-taken.

{¶ 7} In his second assignment of error, appellant argues that the trial court erred in not addressing the merits of his motion. We review a trial court's decision granting or denying a postconviction petition for an abuse of discretion. *State v. Gondor*, 112 Ohio St.3d 377, 2006-Ohio-6679, 860 N.E.2d 77, ¶ 58. An abuse of discretion connotes that the trial court's attitude is arbitrary, unreasonable, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983).

{¶ 8} In its decision, the trial court found that appellant's motion was untimely. R.C. 2953.21(A)(2) provides that "[i]f no appeal is taken, except as otherwise provided in section 2953.23 of the Revised Code, the petition shall be filed no later than three

3.

hundred sixty-five days after the expiration of the time for filing the appeal." Here, the time for filing the direct appeal expired in July 2010, thus appellant's motion was untimely by more than seven years.

{¶ 9} This court has held that "[a] trial court has no jurisdiction to consider an untimely petition for postconviction relief unless the untimeliness is excused under R.C. 2953.23(A)(1)." *State v. Porter*, 6th Dist. Lucas No. L-12-1243, 2013-Ohio-1360, ¶ 10, quoting *State v. Guevara*, 6th Dist. Lucas No. L-12-1218, 2013-Ohio-728, ¶ 8. In this case, appellant does not argue that any of the exceptions to the timeliness requirement set forth in R.C. 2953.23 apply. Instead, appellant argues that his sentence is void and a nullity because the trial court's failure to merge the offenses of aggravated robbery and attempted murder violated his due process rights. However, contrary to appellant's assertion, "the failure to merge allied offenses at sentencing does not render a sentence void." *Guevara* at ¶ 8. Therefore, we hold that the trial court properly determined that appellant's postconviction petition was untimely, and the court did not abuse its discretion in denying the petition for that reason.

{¶ 10} Accordingly, appellant's second assignment of error is not well taken.

### IV. Conclusion

{¶ 11} For the foregoing reasons, we find that substantial justice has been done the party complaining, and the judgment of the Lucas County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment affirmed.

4.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Mark L. Pietrykowski, J.          _____
                                                    JUDGE
Arlene Singer, J.

                                             _____
Thomas J. Osowik, J.                        JUDGE
CONCUR.

                                             _____
                                                    JUDGE

This decision is subject to further editing by the Supreme Court of
Ohio's Reporter of Decisions.  Parties interested in viewing the final reported
version are advised to visit the Ohio Supreme Court's web site at:
http://www.supremecourt.ohio.gov/ROD/docs/.